UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUCAS McLAUGHLIN | CIVIL ACTION |
| VERSUS | NO. 13-6563 |
| ROBERT TANNER, ET AL. | SECTION "A"(3) |

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Lucas McLaughlin, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He sued Robert Tanner, Keith Bickham, and Johnny Gerald. In his complaint, plaintiff claims that he has been denied the right to "meaningful exercise" in violation of the Eighth Amendment. He seeks injunctive relief against the defendants in their official capacities and monetary damages against the defendants in their individual capacities.

The defendants have filed a motion for partial dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff opposes that motion.[2]

It is clear that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 15.

2007) (quotation marks and ellipsis omitted).  Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).  Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. (citation, footnote, and quotation marks omitted).

In their motion, the defendants argue that the claims against them in their individual capacities must be dismissed because they are entitled to qualified immunity.  Where, as here, the qualified immunity defense has been raised, the burden shifts to the plaintiff to rebut that defense.  Harris v. Serpas, 745 F.3d 767, 771 (5th Cir. 2014).

Concerning qualified immunity, the United States Fifth Circuit Court of Appeals has explained:

> The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal. Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law, and courts will not deny immunity unless existing precedent placed the statutory or constitutional question beyond debate.  Therefore, a plaintiff seeking to overcome qualified immunity must show:  (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.  A court has discretion to decide which prong to consider first.

Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013), cert. denied, 134 S. Ct. 1935 (2014).

Opting to proceed directly to the second prong of the qualified immunity analysis in the instant case, the undersigned finds the motion to dismiss should be granted because the right on which plaintiff's claims are based was not clearly established as the time of the defendants' conduct.

As noted, plaintiff claims that he has been denied the right to "meaningful exercise"; however, what he is actually claiming is that his rights have been violated because he is required to be in full restraints while exercising outside of his cell. He alleges that the Rayburn Correctional Center's Extended Lockdown Level 1 inmates, such as himself, are allowed one hour of exercise in the recreation yard for five days per week. While on the yard, each inmate is confined in a recreation cage measuring approximately ten feet by ten feet. While in that cage, prison policy requires that the inmate remain in full restraints, consisting of handcuffs attached to a leather belt and leg shackles. Plaintiff contends that the requirement that he remain fully restrained while attempting to exercise constitutes cruel and unusual punishment in violation of the Eighth Amendment.

The problem with plaintiff's claim, however, is that the Rayburn Correctional Center's policy requiring extended lockdown inmates to remain fully restrained during exercise has repeatedly been found to be constitutional by the courts. See, e.g., Ruiz v. LeBlanc, Civ. Action No. 13-6373 (E.D. La. May 5, 2014) (Rec. Doc. 13, at p. 16); Carter v. Tanner, Civ. Action No. 11-2733, 2014 WL 1329784 (E.D. La. Mar. 31, 2014); Kron v. LeBlanc, Civ. Action No. 11-2263, 2012 WL 4563957, at *21-23 (E.D. La. Oct. 1, 2012), adopted, 2013 WL 823550 (E.D. La. Mar. 6, 2013); Tyson v. LeBlanc, Civ. Action No. 10-1174, 2010 WL 5375955, at *16-18 (E.D. La. Nov. 19, 2010), adopted, 2010 WL 5376330 (E.D. La. Dec. 15, 2010), aff'd, 431 Fed. App'x 371 (5th Cir. 2011). Plaintiff has

not identified, and the undersigned is not aware of, a single case in which the policy has been found to be unconstitutional. Further, plaintiff has identified no case with sufficiently analogous facts which would have placed the defendants on notice that their actions in implementing and enforcing such a policy violated the Eighth Amendment. While it is clear that a plaintiff need not identify a case "directly on point," he still must show that existing precedent placed the constitutional question "beyond debate." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011). That showing clearly has not been made here.

Simply put: "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." Id. at 2085 (quotation marks omitted). The defendants here deserve neither of those labels, not least because various judges of this very Court have repeatedly found this particular restraint policy to be constitutional. See id. at 2085. The defendants are entitled to qualified immunity.

## RECOMMENDATION

It is therefore **RECOMMENDED** the motion for partial dismissal filed by Robert Tanner, Keith Bickham, and Johnny Gerald, Rec. Doc. 13, be **GRANTED** and the individual-capacity claims against those defendants be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this second day of June, 2014.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.