UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LUCAS McLAUGHLIN                                                      CIVIL ACTION

VERSUS                                                                        NO. 13-6563-DEK

ROBERT TANNER, ET AL.

## ORDER AND REASONS

Plaintiff, Lucas McLaughlin, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He sued Robert Tanner, Keith Bickham, and Johnny Gerald. In his complaint, plaintiff claimed that he had been denied the right to "meaningful exercise" in violation of the Eighth Amendment. He sought monetary damages against the defendants in their individual capacities and declaratory and injunctive relief against the defendants in their official capacities. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Plaintiff's individual-capacity claims were previously dismissed with prejudice based on qualified immunity,[2] and currently pending before the Court is the defendants' motion to dismiss the

---

[1] Rec. Doc. 22.

[2] Rec. Doc. 18; McLaughlin v. Tanner, Civ. Action No. 13-6563, 2014 WL 2807312 (E.D. La. June 3, 2014), adopted, 2014 WL 2807546 (E.D. La. June 20, 2014). The defendants' qualified immunity has no effect of the official-capacity claims for declaratory and injunctive relief. See, e.g., Stallworth v. Slaughter, 436 Fed. App'x 337, 340 (5th Cir. 2011) ("[T]he personal defense of qualified immunity does not apply to official-capacity claims."); Chrissy F. by Medley v. Mississippi Department of Public Welfare, 925 F.2d 844, 849 (5th Cir. 1991) (qualified immunity does not extend to suits for declaratory or injunctive relief).

official-capacity claims for declaratory and injunctive relief.[3]  In that motion, the defendants argue that the Court now lacks subject matter jurisdiction to consider those remaining claims because they have become moot.  Plaintiff opposes the defendants' motion to dismiss.[4]

The United States Fifth Circuit Court of Appeals has explained:

> If a claim is moot, it "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." Goldin v. Bartholow, 166 F.3d 710, 717 (5th Cir. 1999).  A claim becomes moot when "the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).  "Mootness in this context is the doctrine of standing set in a time frame:  The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Goldin, 166 F.3d at 717 (citation and quotation marks omitted).

National Rifle Ass'n of America, Inc. v. McCraw, 719 F.3d 338, 344 (5th Cir. 2013), cert. denied, 134 S. Ct. 1365 (2014); accord Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.").  For the following reasons, it is clear that plaintiff's official-capacity claims for declaratory and injunctive relief are indeed now moot.

As noted in this Court's prior decision dismissing the individual-capacity claims, plaintiff's claims are in fact a challenge to the Rayburn Correctional Center's policy requiring that inmates in disciplinary confinement on Extended Lockdown remain in restraints while exercising outside of their cells.  When on the exercise yard, such inmates are confined in a recreation cage and must

---

[3]     Rec. Doc. 23.

[4]     Rec. Doc. 31.

remain in full restraints, consisting of handcuffs attached to a leather belt and leg shackles. Plaintiff contends that the policy requiring full restraints constitutes cruel and unusual punishment.

However, at the Spears hearing held in this matter on August 19, 2014, plaintiff testified that he is no longer subject to that policy because, while this lawsuit has been pending, he has served his disciplinary sentence and, therefore, has been transferred from Extended Lockdown to a working cell block where the policy does not apply. In fact, he conceded that the exercise policy applicable to the working cell block is "pretty liberal" and that he has "no complaints about it where it's at now."[5] The defendants argue that because plaintiff is no longer on Extended Lockdown and subject to the policy, and because it is purely speculative that he will again be placed on Extended Lockdown in the future, his official-capacity claims for declaratory and injunctive relief challenging the policy are moot. The defendants are correct. See Haralson v. Campuzano, 356 Fed. App'x 692, 695-96 (5th Cir. 2009) (prisoner's claim for injunctive relief based on his challenge to recreation policies applicable to inmates in the prison infirmary was rendered moot by his transfer from the infirmary; the "capable of repetition, yet evading review exception to mootness" did not apply because the possibility that he would be transferred back to the infirmary was "too speculative to warrant relief"); Rivera v. Dawson, No. 05-41565, 2007 WL 1223914 (5th Cir. Apr. 25, 2007); Tamfu v. Ashcroft, No. 02-10502, 2002 WL 31689212 (5th Cir. Oct. 30, 2002) ("Because Tamfu

---

[5]  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

is no longer incarcerated at the Airpark or Flightline Units, any claims for declaratory or injunctive relief are moot."); Stewart v. Warner, Civ. Action No. 14-4759, 2014 WL 3498165, at *3 (E.D. La. July 15, 2014); Ashford v. Gusman, Civ. Action No. 12-87, 2012 WL 1019830, at *5 (E.D. La. Feb. 22, 2012), adopted, 2012 WL 1019170 (E.D. La. Mar. 26, 2012).  Because plaintiff's official-capacity claims for declaratory and injunctive relief are now moot, the Court no longer has subject matter jurisdiction to consider those claims.

Accordingly,

**IT IS ORDERED** that the motion to dismiss filed by Robert Tanner, Keith Bickham, and Johnny Gerald, Rec. Doc. 23, is **GRANTED** and the official-capacity claims against those defendants for declaratory and injunctive relief are **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**.

New Orleans, Louisiana, this eighteenth day of November, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**